# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRYAN A. PRADO,

      Plaintiff,

v.

NATIONWIDE RECOVERY SYSTEMS, LTD.,

      Defendant.
_____/

CASE NO 8:22-cv-00469

<u>JURY TRIAL DEMANDED</u>

## COMPLAINT

NOW comes BRYAN A. PRADO ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of NATIONWIDE RECOVERY SYSTEMS, LTD. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute § 559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§

1

1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Hernando County, Florida, which lies within the Middle District of Florida.

5. Defendant provides third party debt collection services. Defendant's registered agent is located at 2222 Sedwick Rd., Durham, North Carolina 27713. Defendant regularly collects upon consumers located within the state of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. This action arises from Defendant's attempts to collect on a personal medial debt ("subject debt") that Plaintiff allegedly owes.

8. Upon information and belief, following Plaintiff's purported default the subject debt was turned over to Defendant for collections.

9. Around late 2021, Defendant started calling Plaintiff on his cellular number (813) 998-5231 to collect on the subject debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5231. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (469) 965-8639 and (844) 202-5776.

12. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers in its debt collection activity.

13. On multiple instances, Plaintiff informed Defendant that he did not wish to be contacted and demanded that Defendant stop calling.

14. Defendant ignored Plaintiff's multiple cease calling demands and kept the calls coming.

15. Plaintiff has received countless phone calls after he demanded Defendant to stop.

16. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress stemming from the persistent calls, increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §§ 1692c(a)(1) and 1692d

24. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  This recurring behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the objective of annoying and harassing him.

26. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

27. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

29. Defendant violated §§ 1692e and e(10) when it ignored Plaintiff's demands and carried on the incessant calling to Plaintiff's cellular phone. Through its conduct of repeatedly initiating calls, Defendant deceptively and misleadingly represented to Plaintiff that it had the legal ability to contact him upon his non-consent when it did not.

### c. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously and frequently calling Plaintiff after Plaintiff expressly revoked consent to be called.

32. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BRYAN A. PRADO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Florida Statutes § 559.55(8).

35. Defendant is a "debt collector" as defined by Florida Statutes § 559.55(7).

36. The subject consumer debt is a "consumer debt" as defined under Florida Statutes § 559.55(6).

    a. **Violations of FCCPA § 559.72(7)**

37. A debt collector violates § 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38. Defendant violated § 559.72(7) of the FCCPA when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically and persistently calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the objective of annoying and harassing him.

39. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

WHEREFORE, Plaintiff, BRYAN A. PRADO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Awarding Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

   b. Awarding Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

   c. Awarding Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2);

    d. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

    e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    f. Awarding any other relief this Honorable Court deems equitable and just.

Dated: February 28, 2022

Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com